UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P192-S

DAVID ST. JAMES                                                          PLAINTIFF

v.

JOHN D. REES *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff David St. James, a convicted prisoner at the Kentucky State Reformatory (KSR),

filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging cruel and unusual punishment

under the Eighth Amendment allegedly committed by the following Defendants sued in both their

individual and official capacities:  John D. Rees, former Commissioner of the Kentucky

Department of Corrections;[1] Larry Chandler, Warden of KSR; Lucy Strietenberger, Grievance

Coordinator at KSR; Stephen White, M.D., at KSR; Sal Iweimrin, a medical provider at KSR; and

Unknown Defendants.  Plaintiff seeks monetary and punitive damages and an injunction ordering

Defendants to provide him with "adequate clothing and medical treatment."

## I.

When a prisoner, like Plaintiff, initiates a civil action seeking redress from a governmental

entity, officer or employee, the trial court must review the complaint and dismiss the action, if the

court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

---

[1]Under Fed. R. Civ. P. 25(d), "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."  For the purpose of Plaintiff's official capacity claims against Defendant Rees, the Court takes judicial notice that Rees's successor as Commissioner of the Kentucky Department of Corrections is LaDonna H. Thompson.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## II.

**A.**     <u>**Claims against Defendants Commissioner Rees and Warden Chandler**</u>

Plaintiff claims that he filed a grievance on April 23, 2007, complaining that he and other inmates housed in Dormitory 7 at KSR "were being denied adequate personal clothing, bed sheets and blankets, as well as proper heating and air conditioning, due to the fact Dorm 7 is an enclosed building without windows that open to the outside atmosphere." Plaintiff reports that he did not receive any response from either Defendant Chandler or Rees and that their "indifference to inmates having adequate clothing, bed sheets and blankets, and proper heating, cooling and ventilation, clearly shows a flagrant violation of the 8th Amendment guarantee against cruel and unusual punishment."

Under the Eighth Amendment, prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

> An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety."

*Spencer v. Bouchard*, 449 F.3d 721, 728 (2006) (quoting *Farmer v. Brennan*, 511 U.S. at 834 and *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

While clothing and shelter are listed as basic needs deserving of Eighth Amendment protection, "'[t]he circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred.'" *Spencer*, 449 F.3d at 728 (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). Here, Plaintiff has made only

broad and conclusory allegations of a denial of *adequate* clothing, bed sheets and blankets and a denial of *proper* heating, cooling and ventilation. The Court does not know whether Plaintiff is too hot or too cold, wants heavier or lighter clothing and linens, or has any injury as a result of the purportedly inadequate and improper conditions of confinement. Plaintiff clearly fails to articulate any facts demonstrating that he has been deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He has, therefore, failed to demonstrate a cognizable Eighth Amendment claim.

Further, Plaintiff has not alleged any personal involvement by Defendants Rees and Chandler in the alleged denial of adequate clothing and linens and proper heating, cooling and ventilation. Rather, Plaintiff alleges only their failure to respond to a grievance. Such inaction does not constitute any constitutional violation. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

All claims against Defendants Rees and Chandler will, therefore, be dismissed.

**B.**     **Claims against Defendants Strietenberger, White, and Iweimrin**

Plaintiff next claims that he filed a grievance on April 2, 2007, requesting medical attention for severe pain in his left side near his groin area, a pain that he has been "suffering with" for approximately two years. Plaintiff reports, "The only response I receive from Defendant Lucy Strietenberger is wholly indifferent to my medical needs." He further reports sending numerous requests for medical appointments to the medical department but that Defendants Dr. White and

Iweimrin deny his requests.  Plaintiff alleges that the foregoing allegations constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff claims only that Defendant Grievance Coordinator Strietenberger is "wholly indifferent to [his] medical needs."  However, "[i]t is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983).  As Plaintiff offers no factual basis for his broad and conclusory claim of deliberate indifference by Defendant Strietenberger, he fails to state a cognizable Eighth Amendment claim against her.

The same cannot be said for Plaintiff's Eighth Amendment claim against Defendants White and Iweimrin, who Plaintiff claims denied his requests for medical appointments.  Because Plaintiff alleges that Defendants White and Iweimrin are effectively refusing him any treatment for severe pain of a lengthy duration, the Court will allow that Eighth Amendment claim to continue against those Defendants in their individual capacities for damages and in their individual and official capacities for injunctive relief in the form of medical treatment.  The Court will dismiss the official capacity claims for damages against Defendants White and Iweimrin for failure to state a claim upon which relief may be granted, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that state officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim), and as barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

C.      **Claims against Unknown Defendants**

The complaint is devoid of any allegation that any Unknown Defendants committed any wrongdoing.  The Unknown Defendants are listed only in the caption and nowhere else in the complaint.  The claims against the Unknown Defendants must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

### III.

In conclusion, the Court will enter a separate Order dismissing all claims against Defendants Rees, Chandler and Strietenberger, all claims against the Unknown Defendants, and the official capacity claims for damages against Defendants White and Iweimrin.  The Court will enter a separate Scheduling Order governing the development of the Eighth Amendment claim against Defendants White and Iweimrin in their individual capacities for damages and injunctive relief and in their official capacities for injunctive relief.  In permitting the Eighth Amendment claim to proceed against those Defendants, the Court passes no judgment on the merit and ultimate outcome of the action.

Date:

cc:      Plaintiff, *pro se*
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005