## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:08CV-P192-S

**DAVID ST. JAMES**                                                                                  **PLAINTIFF**

v.

**JOHN D. REES** *et al.*                                                                            **DEFENDANTS**

### MEMORANDUM AND ORDER

On initial review of Plaintiff's complaint, the Court allowed the Eighth Amendment, denial-of-medical-treatment claim to proceed against Defendants Stephen White and Sal Iweimrin. Recently, on July 28, 2009, Plaintiff submitted a letter to the Court advising that his former legal aide, John Russell, made errors in his complaint (DN 26). Specifically, Plaintiff reports,

> I never even knew that Sal Iweimrin was . . . associated in my lawsuit til sometime Aug 2008, and to the Judge-ship-to those involved, I want to know how did Sal Iweimrin get in too -- on my lawsuit, I don't know;
> John Russell, my legal aid didn't let me know everything; He gave me an envelope, sealed, or maybe more then one sealed envelope, and told me to mail the way he gave me an envelope, etc . . . best of my beliefs, summons must, or were inside of a sealed envelope, was, were etc, etc, within.

Plaintiff further advises that he and his new legal aide, Homer Shirley, "must have plenty of time too complete – or do as much – mending as we can . . . here are terrorism, torture, and hate crimes that were lodged against me in CPTU- mental health . . . near end of June 2008, I was tortured, my wrists . . . . was raped, and I was hung . . . ." Plaintiff asks the Court to "investigate CPTU – mental health – From 2008, to present, too see if they yet use torture, etc – etc. on inmates . . . but I don't want my lawsuit dismissed . . . I have changed my mind, I want lawsuit . . . 3:08CV-192-S to be in continuances – to jury trial . . . ."

Shortly thereafter, on August 13, 2009, counsel for Defendant Iweimrin filed a motion to dismiss Defendant Iweimrin by agreement (DN 27). Counsel reports that, in light of Plaintiff's allegation in his letter that he did not intend to sue Sal Iweimrin, counsel sent correspondence to Plaintiff attempting to clarify whether he truly intended to sue Iweimrin. Counsel also sent a proposed agreed order of dismissal to Plaintiff. To his motion to dismiss, counsel attaches a letter received from Plaintiff in response. Counsel believes that the letter appears to indicate that Plaintiff wants to dismiss Iweimrin. Counsel also refers the Court to the proposed agreed order of dismissal, whereon Plaintiff writes, "Adopted by St. James 165470 agreed by my signature below and date: --- signature: David St. James 165470. . . Date 08-07-2009. You take care of rest above, etc." Counsel asks the Court to review the attached letter by Plaintiff as well as his attempted signature on the proposed agreed order of dismissal and make a determination as to whether this case should be dismissed pursuant to Fed. R. Civ. P. 41. Plaintiff did not file a response to Defendant's motion to dismiss Iweimrim.

The Court has reviewed the attachments to Defendant's motion. Counsel attaches a copy of the letter he sent to Plaintiff asking Plaintiff whether he intended to sue Sal Iweimrin. Plaintiff wrote a response at the bottom of the letter and returned it to Defendant. In his response, Plaintiff writes:

> the letter touches me -- much; . . . the above letter makes me think about the entire lawsuit, concerning, John Ree's, Warden, larry Chandler, and Doctor Steven White, **that the entire lawsuit 3:08-CV-P192-S, against all defendents and in association too me, is hereby dismissed against all defendants, and too, that Plaintiff freed totally, 100% in conjunction to this entire lawsuit, that neither parties want be persued after in future;** Zap, O -- the entire structure foundation isn't too never be used inside of any future court. inside of North America, that all of its entire contents, will be like a teaspoon of Baby powders in a teaspoon - like within a major tarnada -- in a . . . windstorm, too blow the Baby powders away, never too be seen anymore;

(emphasis added).  At the top of page two of Plaintiff's response, he further writes, "Accept these pages as adoptions . . . to your Judeship -- etc take, **expunge 3:08-CV-P192-S expunge 100% from all parties, encluding Plaintiff, permanently**" (emphasis added).  At the bottom of page two, Plaintiff also writes:

> I, Plaintiff have adopted below space; to do as I will . . . on this 08-07-2009; I, David [] St James (David James) agree's 100% that Sal Iwei[mrin], et al, now, you are recieving [illegible] as of by the time you recieve hereof's; and you will -- in hopes to, to, recieve the the letter from [Iweimrin's counsel]; which was Dated on August 3, 2009, now you are freed, I'm sorry to the Fed -- Judge.  And to you., to you all . . . the letter deeply touches me, why, I didn't know that John Russell made monstrous errors in my lawsuit; concerning above case No.  You are not under any pressure, forward, from here on -- do with me as youen's will . . . I was totally 100% unaware of the errors that the late John Russell made. . . .

Upon review of Plaintiff's July 28, 2009, letter sent to this Court as well as review of Plaintiff's response to defense counsel's correspondence and proposed agreed order of dismissal, the Court finds that Plaintiff not only intends to dismiss, by stipulation, Defendant Iweimrin pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) but also intends to dismiss, voluntarily, the remaining claim against Defendant Steven White pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  The Court will, therefore, enter a separate order dismissing this action.

A final matter needs to be addressed.  In Plaintiff's response sent to Defendant, Plaintiff writes, "I yet owe in reguard to lawsuit 3:08-CV-P192-S.  I'm too poor, I don't know when I'll ever get anymore money . . . please expunge the lawsuit to where it will not cost me, please blot it out permanently though it's already robbed me of valuable money."

Dismissal of this action, however, does not relieve Plaintiff of his responsibility to pay the entire fee.  Under the Prison Litigation Reform Act ("PLRA"), the obligation to pay the filing fee attaches when a prisoner "brings a civil action."  28 U.S.C. § 1915(b)(1) ("[I]f a prisoner

brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). "[T]he subsequent dismissal of the action, even if voluntary, does not negate that obligation." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)). "When an inmate seeks pauper status [as in the present case], the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *McGore*, 114 F.3d at 604. Because prisoners are "no longer entitled to a waiver of fees and costs," *id.*,

**IT IS ORDERED that Plaintiff's request for waiver of the unpaid portion of his filing fee is DENIED. The Court's prior Order requiring Plaintiff to pay the entire $350.00 filing fee in installments (DN 7) shall remain in full force and effect.**

Date: October 6, 2009

**Charles R. Simpson III, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
4411.005